ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| LINNETTE VENTURA ABREU, PRESIDENTA DE STRATEGIC DEVELOPMENT CORP. Y COMO ACCIONISTAS Y/O SUCESORES EN INTERÉS DE DICHA CORPORACIÓN Y OTROS<br><br>Apelante<br><br>v.<br><br>CEH CORPORATION, REPRESENTADA POR SU PRESIDENTA EDITH DÍAZ BATISTA Y OTROS<br><br>Apelada | KLAN202500210 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2021CV04707<br><br>Sala: 508<br><br>Sobre: Cobro de Dinero; Hipoteca |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de mayo de 2025.

Comparecen ante *nos* Linnette Ventura Abreu, José Miguel Ventura Asilis y Strategic Development Corp. (en conjunto, apelantes) y nos solicitan que revisemos y revoquemos una *Sentencia* emitida el 10 de febrero de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de San Juan. Mediante el referido dictamen, el TPI declaró *Ha Lugar* la *Moción de Desestimación [...]* que presentó CEH Corporation (CEH o apelada) y, en consecuencia, desestimó sin perjuicio la *Demanda* de autos.

Por los fundamentos que expondremos a continuación, confirmamos la *Sentencia* apelada.

**I.**

Con fecha del 27 de julio de 2021, la parte apelante presentó una *Demanda* en contra de la parte apelada sobre cobro de dinero y ejecución de hipoteca. En síntesis, solicitó que se descorra el velo corporativo para que Edith Díaz Batista (Díaz Batista) responda en

Número Identificador

SEN2025_____

su carácter personal, ya que CEH se ha utilizado con propósitos ilegales, cometer fraude o engaño y para tratar de evadir el cumplimiento de obligaciones válidamente constituidas. Así pues, la parte apelante manifestó que le vendió a la parte apelada una propiedad por la suma de $1,850,000.00 cuyo precio sería aplazado y pagado por fases, según consta en la Escritura Núm. 9 sobre Compraventa y Subrogación en Obligación Hipotecaria, otorgada el 4 de mayo de 2012.

Esgrimió, además, que para garantizar el pago de la porción aplazada del precio de compraventa que quedó pendiente, la parte apelada otorgó un pagaré con garantía hipotecaria a favor del portador por $809,738.93, el cual fue entregado a la apelante. Así, planteó que la apelada no ha efectuado ningún pago o abono, por lo que le adeudan la totalidad de la cantidad consignada en el pagaré. Asimismo, aseveró que a pesar de que la cantidad consignada en el pagaré no devengaba intereses, si especifica el pago y obliga a los apelados a satisfacer una suma adicional equivalente a un 10% de la suma principal adeudada, para pago de gastos, desembolsos y honorarios de abogado en caso de reclamación judicial. Por lo cual, solicitó el pago de $890,712.82.

El 7 de septiembre de 2021, la parte apelante presentó una *Solicitud para Expedir Nuevos Emplazamientos*. En esta, solicitó que se ordenara la expedición de los emplazamientos, pues los que se habían expedido no contaban con el sello del Tribunal. Posteriormente, el 9 de septiembre de 2021, el foro primario autorizó la expedición de los emplazamientos; no obstante, no fueron expedidos. Así las cosas, el 5 de octubre de 2021, la apelante presentó una *Segunda Solicitud para Expedir Nuevos Emplazamientos*. En la misma, señaló que nunca se produjeron los emplazamientos, por lo que, solicitó, nuevamente, la expedición de dichos emplazamientos. El 6 de octubre de 2021, el TPI emitió una

*Orden* mediante la cual sostuvo que el epígrafe de la moción no correspondía al oficial.

El 19 de octubre de 2021, la parte apelante presentó una *Solicitud de Término para Realizar Investigación y Presentar Moción sobre el Estado de los Procedimientos*, mediante la cual solicitó un término de cincuenta (50) días para verificar el expediente físico. Acto seguido, el foro primario emitió una *Orden* mediante la cual declaró *Ha Lugar* la solicitud del apelante, sin perjuicio de la Regla 4.3 de Procedimiento Civil, *infra.* El 23 de marzo de 2022, la parte apelante presentó un *Escrito al Expediente del Tribunal y Otros Extremos.* Sostuvo que los emplazamientos expedidos no cumplen con la formalidad para su validez. Indicó, además, que quedó pendiente la expedición de la orden de aviso de pleito pendiente.

Entretanto, el 25 de abril de 2022, el TPI emitió una *Orden* mediante la cual ordenó que los emplazamientos fuesen expedidos. El 9 de junio de 2022, la parte apelante presentó un *Escrito Solicitando Remedio* mediante la cual reiteró su solicitud para que los emplazamientos fueran expedidos. Así, el 21 de junio de 2022, el foro primario emitió una *Orden* mediante la cual ordenó a la Secretaria, nuevamente, que los emplazamientos fueran expedidos. Ese mismo día, la Secretaria del Tribunal expidió los emplazamientos solicitados.

No obstante, el 4 de octubre de 2022, la parte apelante presentó una *Moción Solicitando Emplazamiento por Edicto.* En esta, adujo que el 1 de octubre de 2022, le entregó al emplazador los emplazamientos y que este realizó las siguientes diligencias:

1. Se personó al Condominio Sierra del Monte Edificio F Apt. 6204 en San Juan y el apartamento estaba desocupado.
2. Visitó las oficinas del Servicio Postal Federal localizadas en la Ave. San Claudio en Cupey, así como las ubicadas en la Calle Loíza, en San Juan, donde surge que no existe información de los apelados.
3. Entrevistó al agente Cespedes Placa número 36126 del Precinto de Cupey sito en la Calle Clavell de la Urb. El Señorial, de la Policía de Puerto Rico, este informó que desconoce a la parte apelada.
4. Visitó la Oficina de Ayuda al Ciudadano del Municipio de San Juan.

5. Visitó la Calle Wilson número 1473 del Municipio de San Juan, así como la compañía de vigilancia del referido lugar.

Consecuentemente, solicitó que se expidieran los emplazamientos por edicto para su publicación. El 11 de octubre de 2022, el foro primario emitió una *Orden* mediante la cual ordenó que los emplazamientos por edicto fueran expedidos. Luego de varios incidentes procesales, innecesarios pormenorizar, el 9 de febrero de 2024, la parte apelada y Díaz Batista presentaron una *Contestación a Demanda*, sin someterse a la jurisdicción.

En igual fecha, presentaron una *Moción de Desestimación […]*. En síntesis, esgrimieron que las gestiones hechas por el emplazador fueron insuficientes en derecho para la autorización del emplazamiento por edictos. Señalaron que el emplazador indicó que en ninguno de los pisos del edificio al que acudió y que es donde ubican las oficinas de CEH, había un inquilino con el nombre de los apelados, esto a pesar de que los apelantes no solamente conocían el local y oficina exacta donde ubica CEH, sino que además tenían el número de teléfono celular y el correo electrónico del presidente de CHE. Además, expuso que los apelantes publicaron los edictos y notificaron a la dirección postal de CEH, pero con un código postal equivocado; esto, a pesar de que en el Departamento de Estado surge la dirección postal de la apelada.

En respuesta, el 26 de marzo de 2024, la parte apelante presentó una *Moción Enmendada en Cumplimiento de Orden, Oposición a Solicitud de Desestimación […]*. En apretada síntesis, arguyó que el término de ciento veinte (120) días para diligenciar el emplazamiento no había transcurrido, ya que comenzó a transcurrir el 21 de junio de 2022 cuando la Secretaria expidió los emplazamientos. Planteó, además, que la Declaración Jurada del emplazador no carecía de pobreza y era suficiente en derecho a tenor con la Regla 4.6 de Procedimiento Civil, *infra*.

El 2 de abril de 2024, la parte apelada presentó una *Breve Réplica [...]*. Oportunamente, el 10 de febrero de 2025, el foro primario emitió una *Sentencia* mediante la cual declaró *Ha Lugar* la *Moción de Desestimación [...]*. Mediante esta, el TPI determinó que las diligencias reseñadas por el emplazador en la Declaración Jurada no demostraron que se había agotado toda posibilidad razonable disponible para poder localizar a los apelados. Así pues, razonó el foro primario que la parte apelante conocía el local y oficina exacta donde ubicada CEH en el referido edificio, además tenían el número de teléfono celular y el correo electrónico del presidente de la corporación. Consecuentemente, el TPI determinó que la Declaración Jurada fue insuficiente para diligenciar el emplazamiento por edicto, por lo que la parte apelante no cumplió con los requisitos en la Regla 4.6 de Procedimiento Civil, *infra.*

Inconforme, el 12 de marzo de 2025, la parte apelante compareció ante *nos* mediante un *Escrito de Apelación* y alegó la comisión del siguiente error:

> PRIMER ERROR: Erró el TPI al desestimar sin perjuicio la demanda del epígrafe alegadamente porque el emplazamiento por edicto de la parte demandada no se llevó a cabo conforme a derecho.

El 25 de marzo de 2025, emitimos una *Resolución* mediante la cual le concedimos un término de veinte (20) días a la parte apelada para presentar su alegato en oposición. El 23 de abril de 2025, la parte apelante presentó un *Alegato de la Parte Apelada*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II.

### A. El emplazamiento

El emplazamiento es un mecanismo procesal que tiene el propósito de notificar al demandado sobre la existencia de una reclamación incoada en su contra y, a su vez, es a través de este mecanismo que el tribunal adquiere jurisdicción sobre la persona

del demandado. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379 (2021). Así, el emplazamiento representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial. *Íd.* De esta forma, la parte demandada tiene la oportunidad de ejercer su derecho a comparecer y a presentar prueba a su favor. *Cirino González v. Adm. Corrección et al.*, 190 DPR 14 (2014). Por esto, a los demandados les asiste el derecho de ser emplazados conforme a derecho. *Pérez Quiles v. Santiago Cintrón, supra.*

En lo pertinente, la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, dispone lo siguiente:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o la Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna la solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

Así pues, el término de 120 días para emplazar comienza a transcurrir únicamente en el momento que la Secretaria del tribunal expide los emplazamientos, ya sea que tal expedición ocurra *motu proprio* o ante una solicitud de la parte demandante. *Pérez Quiles v. Santiago Cintrón, supra.* Asimismo, nuestro máximo Foro ha establecido que:

> [L]a mal denominada prórroga estatuida en [la Regla 4.3 (c), *supra*,] es realmente una solicitud [por parte] del demandante para que la Secretaria expida los emplazamientos *en los casos en que exista un retraso irrazonable* en la expedición de estos. Lo anterior, con el propósito de que el demandante advierta al tribunal de tal retraso y evidencie que no se cruzó de brazos. (Énfasis suplido).

Como sabemos, la norma general es que la parte demandada debe ser emplazada personalmente y, como excepción, se permite el emplazamiento por edicto. Secretariado de la Conferencia

Judicial y Notarial, *Informe de Reglas de Procedimiento Civil,* marzo 2008, pág. 48. A esos efectos, la Regla 4.6 de Procedimiento Civil (32 LPRA Ap. V), gobierna todo lo relacionado al emplazamiento por edictos y su publicación. Mediante la aludida Regla, se autoriza al Tribunal, en determinadas circunstancias, a dictar una *Orden* para disponer que el emplazamiento se haga por un edicto. Para que un tribunal permita un emplazamiento mediante edicto, tiene que haberse intentado efectuar previamente un emplazamiento personal, y después haberse sometido – y lógicamente tener el juez ante sí – una declaración jurada con la expresión de las diligencias ya efectuadas. *Sánchez Ruiz v. Higueras Pérez,* 203 DPR 982 (2020).

La declaración jurada que acredita las diligencias realizadas para citar a un demandado personalmente debe expresar hechos específicos y no meras conclusiones o generalidades. *Sánchez Ruiz v. Higueras Pérez, supra.* De este modo, se deben incluir las personas con quienes se investigó y su dirección. *Íd.* Véase, además, *Lanzo Llanos v. Banco de la Vivienda,* 133 DPR 507 (1993). Además, es una buena practica inquirir de las autoridades de la comunidad, la policía, el alcalde, el administrador de correos, quienes son las personas que con mayor certeza conocen la residencia o el paradero de las personas que viven en la comunidad. *Sánchez Ruiz v. Higueras Pérez, supra.*

Asimismo, la *Orden* dispondrá, además, "[q]ue dentro de los diez (10) días siguientes a la publicación del edicto se le dirija al demandado una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo […], al lugar de su última residencia conocida." Ahora bien, esta disposición provee para que el demandante pueda ser relevado del requisito de notificación si justifica, mediante declaración jurada, a satisfacción del tribunal, que, a pesar de los esfuerzos dirigidos a encontrar una dirección física o postal, ello no fue posible.

Efectuado el emplazamiento, se debe presentar ante el Tribunal de Primera Instancia la constancia del diligenciamiento dentro del término establecido en ley. Regla 4.7 de Procedimiento Civil (32 LPRA Ap. V). Cuando el emplazamiento se hace por edicto, "se probará su publicación mediante la declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado y de un escrito del abogado o abogada que certifique que se depositó en el correo una copia del emplazamiento y de la demanda." *Íd.* También se debe presentar "el acuse de recibo de la parte demandada." *Íd.* Sin embargo, "[l]a omisión de presentar prueba del diligenciamiento no surtirá efectos en cuanto a su validez." *Íd.*

**III.**

En su comparecencia, la parte apelante sostiene que erró el TPI al desestimar sin perjuicio la *Demanda* de epígrafe, alegadamente porque el emplazamiento por edicto de la parte demandada no se llevó a cabo conforme a derecho. Señaló, además, que el foro primario falló al no expedir oportunamente los emplazamientos originales, razón por la cual tuvo que solicitar la expedición en varias ocasiones. Asimismo, arguyó que la Declaración Jurada del emplazador contiene una relación detallada de las gestiones que hizo para emplazar personalmente a la parte apelada. Añadió que, si la Declaración Jurada del emplazador hubiera sido insuficiente el TPI hubiera hecho tal determinación cuando presentó la misma junto con su solicitud de emplazamientos por edictos.

Por su parte, la parte apelada adujo que la parte apelante incumplió con la Regla 4 de Procedimiento Civil. Acentuó que el emplazamiento por edicto fue inoficioso pues adolecía de nulidad, ya que las diligencias del emplazador fueron insuficientes a tenor con la Regla 4.6 de Procedimiento Civil, *supra*, y la jurisprudencia interpretativa. Agregó que el récord del TPI es claro a los efectos de

que la parte apelante se cruzó de brazos por meses, teniendo ello como consecuencia el que expirase el término mandatorio de 120 días para que se diligencie el emplazamiento luego de presentada la *Demanda.*

Según el derecho que antecede, el emplazamiento es un mecanismo procesal que tiene el propósito de notificar al demandado sobre la existencia de una reclamación incoada en su contra y, a su vez, es a través de este mecanismo que el tribunal adquiere jurisdicción sobre la persona del demandado. *Pérez Quiles v. Santiago Cintrón, supra.* Conforme establece la Regla 4.3(c) de Procedimiento Civil, *supra,* el emplazamiento será diligenciado en un término de 120 días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. Así, el término de 120 días para emplazar comienza a transcurrir únicamente en el momento que la Secretaria del tribunal expide los emplazamientos, ya sea que tal expedición ocurra *motu proprio* o ante una solicitud de la parte demandante. *Pérez Quiles v. Santiago Cintrón, supra.*

Cónsono con esto, para que un tribunal permita un emplazamiento mediante edicto, tiene que haberse intentado efectuar previamente un emplazamiento personal, y después haberse sometido – y lógicamente tener el juez ante sí – una declaración jurada con la expresión de las diligencias ya efectuadas. *Sánchez Ruiz v. Higueras Pérez, supra.* La declaración jurada que acredita las diligencias realizadas para citar a un demandado personalmente debe expresar hechos específicos y no meras conclusiones o generalidades. *Íd.* De este modo, se deben incluir las personas con quienes se investigó y su dirección. *Íd.*

El planteamiento de la apelante es incorrecto. El foro primario no erró al desestimar sin perjuicio la *Demanda* de autos, pues en efecto el emplazamiento de la parte apelada no se llevó conforme a derecho. Aun cuando la Declaración Jurada del emplazador

demuestra algunas diligencias para localizar a la parte apelada, esta no demuestra las diligencias específicas que realizó el emplazador, si alguna, una vez acudió a la propiedad del apelado sita en la 1473 C/Wilson en San Juan. Es decir, la Declaración Jurada solo menciona que visitó la propiedad en una (1) ocasión, que la corporación no estaba identificada en el *teleentry* y que en ninguno de los pisos había un inquilino con los nombres de los apelados. Sin embargo, el emplazador, conociendo que esa era la dirección de la parte apelada que surge del registro del Departamento de Estado, no preguntó a algún otro inquilino por la parte apelada, ni acudió en otra ocasión. Por lo cual, la Declaración Jurada demuestra la ausencia de diligencias vigorosas y de un esfuerzo honesto de la parte apelante para citarla personalmente.

Además, no podemos perder de perspectiva que, la parte apelante conocía la dirección exacta de la propiedad y el número de la oficina de CEH, pues es la propiedad de la cual se solicita ejecución en la causa de acción que nos ocupa. Asimismo, no podemos pasar por alto que, una vez los edictos fueron publicados estos fueron notificados a una dirección postal cuyo código postal era incorrecto. Esto, a pesar de que en el Departamento de Estado surgía la dirección postal correcta de la parte apelada y que la apelante conocía el número de teléfono y correo electrónico de la apelada.

Por consiguiente, coincidimos con el foro primario en su *Sentencia*. La Declaración Jurada del emplazador fue insuficiente para diligenciar el emplazamiento por edicto, por lo que la parte apelante no cumplió con los requisitos establecidos en la Regla 4.6 de Procedimiento Civil, *supra*.

**IV.**

Por los fundamentos antes expuestos, *confirmamos* la Sentencia apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones